


**SO ORDERED,**

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: June 18, 2020**

**The Order of the Court is set forth below. The docket reflects the date entered.**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: KEVIN HUDSON KEMP** **NO. 20-00655-NPO**

---

**COMMUNITY BANK OF MISSISSIPPI** **MOVANT**

**VS.**

**KEVIN HUDSON KEMP, DEBTOR** **RESPONDENT**

**AGREED ORDER ON MOTION TO ABANDON COLLATERAL AND LIFT STAY, OR ALTERNATIVELY FOR ADEQUATE PROTECTION (Dkt 31)**

This matter having come on before this Court on the motion of Community Bank of Mississippi ("Bank") to abandon collateral and to lift and terminate the automatic stay of 11 U.S.C. § 362 or alternatively for adequate protection pursuant to 11 U.S.C. § 1205 and the Court having found that notice and hearing have been appropriate under the circumstances and the provisions of Bankruptcy Rule 4001(d)(1), (2) and (3) do not apply since the Bank's motion was duly noticed and an opportunity for hearing has been given and further that the parties have agreed to the entry of this Order pursuant to the terms and conditions stated herein.

~~IT IS THEREFORE ORDERED AND ADJUDGED~~ THE PARTIES AGREE (NPO) AS FOLLOWS:

1. The Debtor is indebted to the Bank under Promissory Note no. ***8800, a copy of which is attached as Exhibit “A” to the Bank’s motion. As of March 5, 2020, the payoff was $85,412.38 plus interest accruing thereafter, attorney fees and expenses.

2. The Debtor is indebted to the Bank under Promissory Note no. ***4592, a copy of which is attached as Exhibit “B” to the Bank’s motion. As of March 5, 2020, the payoff was $44,209.28 plus interest accruing thereafter, attorney fees and expenses.

3. The Debtor is indebted to the Bank under Promissory Note no. ***3768, a copy of which is attached as Exhibit “C” to the Bank’s motion. As of March 5, 2020, the payoff was $326,033.68 plus interest accruing thereafter, attorney fees and expenses.

4. As collateral for all of the indebtedness due, the Debtor pledged to the Bank the following:

(a) certain real property and improvements located in Leake County, Mississippi as evidenced by a Deed of Trust filed in the land records of Leake County, Mississippi, a legal description of which is attached hereto;

(b) certain farm equipment and vehicles as more particularly described in the Security Agreements, title applications and UCC financing statements attached as collective Exhibit "E" to the Bank’s motion; and

(c) certain real property and improvements located at 3489 Robinson Road, Carthage, Mississippi and 1640 Hopoca Road, Carthage, Mississippi as evidenced by Deeds of Trust filed in the land records of Leake County, Mississippi, a legal description of which is attached hereto.

5. The Bank holds a properly perfected, non-avoidable first security interest in all of the collateral described above (hereinafter the “Collateral”).

6. In order to provide the Bank with adequate protection, the Bank is hereby granted continuing post-petition liens on the Collateral, as well as cash, checks, income,

replacements, additions, proceeds, product, rents or profits that are derived from the use, sale or lease of any of the Collateral. Any and all collateral pledged to the Bank shall continue to secure all pre-petition indebtedness of the Debtor to the Bank as well as any post-petition indebtedness due including interest, costs, expenses and attorney fees . The post-petition liens granted to the Bank herein are deemed perfected and the Bank shall not be required to file financing statements or other documents to perfect the post-petition liens granted herein. The post-petition liens granted herein are binding upon the Debtor, any subsequently appointed Chapter 7 or 11 Trustee and upon any creditors who have or may hereafter extend secured or unsecured credit to the Debtor, whether pre- or post-petition. The Debtor shall immediately execute any and all additional documents on the Bank's customary forms as required by the Bank to effectuate the terms of this Order and continuation of the Bank's security interests. Notwithstanding the execution and recordation of additional documents, the Bank shall retain its present lien status on the Collateral until all of the indebtedness due to the Bank is paid in full.

7. As adequate protection and for the use of the Collateral, the Debtor shall do the following:

(a) As to Promissory Note no. ***4592 (Class 7.1 in Debtor's proposed plan), the Debtor will resume the regular semiannual payments due to the Bank under the Note commencing with the December 15, 2020 payment and payments thereafter on June 15th and December 15th of each year until the balance, including all interest and expenses, is paid in full. Each payment will be made to the Chapter 12 Trustee for disbursement to the Bank; and

(b) As to Promissory Note no. ***3768 (Class 7.2 in Debtor's proposed plan), the Debtor will resume the regular semiannual payments due to the Bank under

the Note commencing with the December 15, 2020 payment and payments thereafter on June 15th and December 15th of each year until the balance, including all interest and expenses, is paid in full. Each payment will be made to the Chapter 12 Trustee for disbursement to the Bank; and

(c) As to Promissory Note no. ***8800 (Class 7.3 in Debtor's proposed plan), the Debtor will pay the Bank the sum of $30,000.00 on December 15, 2020 and will thereafter pay $20,000.00 per year in annual installments beginning on December 15, 2021 until the balance, including all interest and expenses, is paid in full. Each payment will be made to the Chapter 12 Trustee for disbursement to the Bank.

8. If any of the above payments, including insurance, taxes or escrow due, if any, are not paid to the Chapter 12 Trustee to the Bank within 14 days after written notice of such default is sent to the Debtor and the Debtor's attorney, the Bank's collateral will be automatically abandoned and the automatic stay of 11 U.S.C. § 362 shall immediately terminate as to the Bank's collateral without further order of this Court.

9. The Debtor shall be required to maintain comprehensive insurance on the Bank's collateral, including but not limited to, fire, physical damage and loss coverage with the Bank named as loss payee. If such insurance lapses or is canceled for any reason and is not reinstated within 14 days after notice of such lapse or cancellation is sent to the Debtor and the Debtor's attorney, the Bank's collateral will be automatically abandoned and the automatic stay of 11 U.S.C. § 362 shall immediately terminate as to the Bank's collateral without further order of this Court.

10. The Debtor shall pay any and all taxes and assessments due on the Bank's collateral as and when due. If the Debtor fails to pay any tax or assessment due on the Bank's collateral within 90 days after it is due and such default is not cured within 14 days after notice of such default is sent to the Debtor and the Debtor's attorney, the

Bank's collateral will be automatically abandoned and the automatic stay of 11 U.S.C. § 362 shall immediately terminate as to the Bank's collateral without further order of this Court.

11. This Order shall govern the Bank's treatment under any plan and is hereby incorporated therein. Entry of this Order shall constitute the entry of Final Judgment pursuant to Bankruptcy Rule 9021 and Rule 58 of the Federal Rules of Civil Procedure and shall be applicable to any subsequent case filed by the Debtors under the Bankruptcy Code or conversion of this case to any other chapter under the Bankruptcy Code.

IT IS THEREFORE ORDERED that the Bank is granted the relief contained in this Order.

(NPO)

##END OF ORDER##

Approved:

/s/ Jeff Rawlings
Attorney for Community
Bank of Mississippi

/s/ Craig M. Geno
Attorney for Debtor

/s/ Justin Jones
Attorney for Chapter 12 Trustee

Submitted by:

Jeff Rawlings
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS 39130-1789
601-898-1180
jeff@rawlingsmacinnis.net
MSB # 4642

Attached to and forming part of Modification Deed of Trust dated 01/18/2017 in the name of Kevin H. Kemp and wife, Connie F. Kemp.

Exhibit "A"

**Tract 1**

0.94 acres, more or less, in the SE¼ of SW¼, Section 26, Township 12 North, Range 8 East, Leake County, Mississippi, being described as follows:

Commence at the 4" x 4" concrete marker on the NE corner of the SW¼ of NE¼, Section 26, Township 12 North, Range 8 East and run South 89 degrees 42 minutes 30 seconds West 2051.48 feet; thence run South 2938.54 feet to a gum tree referenced in Deed Book 290, Page 583, said point located on the Southern line of a ditch to and for the POINT OF BEGINNING; thence run North 65 degrees 53 minutes 54 seconds East 199.94 feet along said Southern line of said ditch; thence run North 74 degrees 06 minutes 09 seconds East 92.88 feet along said ditch; thence run South 77 degrees 58 minutes 29 seconds East 108.50 feet along said ditch to a power pole; thence run South 07 degrees 03 minutes 41 seconds West 141.81 feet to the point in center of gravel drive on the Northern right-of-way of Robinson Road; thence run North 84 degrees 37 minutes 31 seconds West 244.97 feet along said Robinson Road right-of-way; thence run South 87 degrees 49 minutes 32 seconds West 117.86 feet along said right-of-way; thence run North 01 degrees 57 minutes 22 seconds East 38.63 feet back to the POINT OF BEGINNING.

Signed for Identification:

[signature] 1-18-17

By: Kevin H. Kemp Date

[signature] 1-18-17

By: Connie F. Kemp Date

Attached to and forming part of Modification Deed of Trust dated 01/18/2017 in the name of Kevin H. Kemp.

Exhibit "A"

**Tract 2:**

1.92 acres, more or less, in Leake County, Mississippi, lying on the North and East side of a State Aid Highway known as Hopoca Road, situate in and part of the W½ of SE¼, Section 5, Township 11 North, Range 8 East, being more particularly described as follows:

Begin at the SW corner of the NW¼ of SE¼, Section 5, Township 11 North, Range 8 East, and thence run North along fence 210 feet to the NW corner of the 1.92 acres being described; thence run South 62° East 325 feet to the NE corner of the 1.92 acres being described; thence run South 17° West for 300 feet to the North shoulder of said public road; thence run Northwesterly along North shoulder of said public road 232 feet to the West boundary of said W½ of SE¼; thence run North along fence 112 feet to the POINT OF BEGINNING.

Signed for Identification:

By: Kevin H. Kemp

1-18-17

Date

Attached to and forming part of Deed of Trust in the amount of $321,128.00 dated 9/13/16 in the name of Kevin H. Kemp.

Exhibit "A"

W½ of SE¼ less ten (10) acres off the south side thereof, Section 5, Township 11 North, Range 8 East, Leake County, Mississippi.

LESS AND EXCEPT:
2.8 acres, more or less, in Leake County, Mississippi, lying on the East side of a State Aid Highway known as Hopoca Road, situate in and part of the SW¼ of SE¼, Section 5, Township 11 North, Range 8 East, being more particularly described as follows:

Begin at the point where the fence on the South boundary of the Kendall H. Kemp property intersects the East shoulder of said Hopoca Road, and thence run North 37º West 438 feet along East shoulder of said Hopoca Road to the NW corner of the 2.8 acres being described; thence run North 69° 30' East 295 feet to a steel post which marks the NE corner of the 2.8 acres being described; thence run South 30° East 531 feet to fence on the South boundary of said Kemp property; and thence run west 273 feet along said fence to the POINT OF BEGINNING.

LESS AND EXCEPT:
1.92 acres, more or less, in Leake County, Mississippi, lying on the North and East side of a State Aid Highway known as Hopoca Road, situate in and part of the W½ of SE¼, Section 5, Township 11 North, Range 8 East, being more particularly described as follows:

Begin at the SW corner of the NW¼ of SE¼, Section 5, Township 11 North, Range 8 East, and thence run North along fence 210 feet to the NW corner of the 1.92 acres being described; thence run South 62º East 325 feet to the NE corner of the 1.92 acres being described; thence run South 17° West for 300 feet to the North shoulder of said public road; thence run Northwesterly along North shoulder of said public road 232 feet to the West boundary of said W½ of SE¼; thence run North along fence 112 feet to the POINT OF BEGINNING.

AND:

Tract 1:

4.9 acres, more or less, in Leake County, Mississippi, located in the Northwest corner of the SE¼ of SE¼, Section 5, Township 11 North, Range 8 East, being more particularly described as follows, to-wit:

Begin at the Northwest corner of said SE¼ of SE¼ and thence run South along west boundary of said SE¼ of SE¼ 880 feet to center of a certain drain ditch, thence run northeasterly along said drain ditch as follows: North 48° East 173 feet; North 74° East 157 feet; North 59° East 44 feet; thence North 12° East 89 feet; thence North 5° West 137 feet to the point said ditch empties into Cobbs Creek; thence run northerly along center of Cobbs Creek as follows: North 10° West 170 feet; thence North 7° East approximately 300 feet to the north boundary of said SE¼ of SE¼; thence run West 302 feet along north boundary of said SE¼ of SE¼ to the POINT OF BEGINNING.

Tract 2:

All that part of the SE¼ of SE¼, Section 5, Township 11 North, Range 8 East, lying north and east of Cobbs Creek and being 16.2 acres, more or less, in Leake County, Mississippi.

Tracts 1 and 2 total **21.1 acres**, more or less.

Tract 3:

21.5 acres, more or less, in Leake County, Mississippi, located in the S½ of the NE¼ of SE¼, Section 5, Township 11 North, Range 8 East.

Tract 4:

The N½ of the NE¼ of SE¼, Section 5, Township 11 North, Range 8 East, Leake County, Mississippi, being 21.5 acres, more or less.

Tract 5:

The SW¼ of the SE¼ of NE¼ and two (2) acres, more or less, on the South end of the NW¼ of the SE¼ of NE¼, Section 5, Township 11 North, Range 8 East, Leake County, Mississippi, being 12 acres, more or less, in all.

And:

PARCEL A:

Commence at the 1" iron bar found at the NW corner of the SW¼ of the NW¼ of Section 4 of Township 11 North and Range 8 East of Leake County, Mississippi; thence South 1465.66' to the POINT OF BEGINNING of the herein described property; thence East 913.77'; thence North 210.00'; thence East 414.91'; thence S 1°23'19" E 1625.25' to the iron pipe found at the SE corner of the NW¼ of SW¼ of said Section 4; thence West 684.03'; thence South 520.79' to the centerline of Cobbs Creek; thence Westerly 947' more or less along the centerline of said Cobbs Creek to a point due South of the POINT OF BEGINNING; thence North 2335' to the POINT OF BEGINNING; being 57.67 acres, more or less, and a part of the NW¼ of the SW¼, a part of the SW¼ of the NW¼ and a part of the SW¼ of the SW¼, all of Section 4 of Township 11 North and Range 8 East of Leake County, Mississippi.

PARCEL B:

Commence at a 1" iron bar found at the NW corner of the SW¼ of the NW¼ of Section 4 of Township 11 North and Range 8 East of Leake County, Mississippi; thence South 1465.66'; thence East 913.77'; thence North 210.00' to the POINT OF BEGINNING of the herein described property; thence continue North 65.70' to the south right of way line of Kemp Road; thence S 67°20'20" E 133.68' in said south right of way line; thence S 80°21'45" E 84.80' in said south right of way line; thence West 206.76' to the POINT OF BEGINNING; being 0.13 acres, more or less, and a part of the SW¼ of the NW¼ of Section 4, Township 11 North and Range 8 East of Leake County, Mississippi.

Signed for Identification:

Kevin H. Kemp